# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5952 | **DATE** | 12/26/2001 |
| **CASE TITLE** | Standard Oil Truck Co. vs. Consolequip, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant Standard Car's motion for partial judgment on the pleadings (10-1) as to Count IV of its First Amended Complaint. Consolequip is liable for conversion of the now-returned drawings and specifications. Damages, if any, are to be determined at trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | DEC 2 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/26/2001 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANDARD CAR TRUCK COMPANY, )
 )
    Plaintiff, )
 )
v. ) Case No. 00 C 5952
 )
CONSOLEQUIP, INC. )
 ) DOCKETED
    Defendant. )
DEC 2 7 2001

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Standard Car Truck Company ("Standard Car") has moved for partial judgment on the pleadings for Count IV of its First Amended Complaint against Consolequip, Inc. ("Consolequip"). For the following reasons, we grant partial judgment on the pleadings for Count IV.

BACKGROUND

The present dispute centers around agreements entered into between the parties on April 2, 1982 and the subsequent termination of those agreements in February 2000. The nature of these agreements and the dispute surrounding their termination is unimportant for the purpose of adjudicating the present motion. What is important is that, pursuant to the agreements, Standard Car transferred to Consolequip possession, but not ownership, of certain "drawings and specifications." Upon termination of the agreements, Standard Car demanded the immediate return of its drawings and specifications. Consoleequip failed to comply with Standard Car's demand. Thus, Count IV of Standard Car's First Amended Complaint alleges tortious conversion of personal property against Consolequip.

In its answer filed April 25, 2001, Consolequip admitted that the drawings and specifications are the personal property of Standard Car and that Standard Car has the right to

17

immediate possession of the property. Consolequip stated, however, that its delay in returning the property stemmed from the sheer number of items at issue and their disparate geographic location. According to Consolequip's response to Standard Car's motion for judgment on the pleadings, all such drawings and specifications have been returned to Standard Car as of August 3, 2001. As such, Consolequip is apparently no longer in possession of the property at issue. Standard Car argues that Consolequip remains liable for conversion despite the fact that the property has now been returned.

## ANALYSIS

### Standard of Review

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) may only be granted if no material issues of fact remain to be resolved between the parties. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987). Unlike a summary judgment motion, Rule 12(c) permits us only to consider the pleadings and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The burden of establishing the absence of a material issue of fact, however, falls on the movant and we are obligated to view the facts in the light most favorable to the non-moving party. *Id.* In this way, the standard of review for Rule 12(c) motions is similar to that of a Rule 12(b) motion to dismiss.

There is no dispute as to any material issue of fact within Count IV of Standard Car's complaint. Indeed, Consolequip has specifically admitted each paragraph of Count IV in its answer. What remains then is a legal conclusion as to whether Consolequip is liable for conversion.

### Conversion

Under Illinois law, "[t]he essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *In re Thebus*, 108 Ill.2d 255,

259 (1985) (internal citations omitted). To establish a cause of action for conversion under Illinois law a plaintiff must show "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the property of another; (2) plaintiff's right in the property; (3) plaintiff's right to immediate possession of the property; and (4) a demand by plaintiff of possession thereof." Eggert v. Weisz, 839 F.2d 1261, 1263 (7th Cir.1988); Chicago Dist. Council of Carpenters Welfare Fund v. Gleason & Fritzshall, 295 Ill.App.3d 719, 722-723 (Ill. App. Ct. 1998).

Consolequip has already admitted to factors (2) through (4). There is no doubt that Standard Car had a right to the drawings and specifications at issue. There is also no doubt as to Standard Car's right to immediate possession of the property. Moreover, Consolequip has admitted that Standard Car made a demand for possession of the property on February 17, 2000.

Consolequip, however, disputes the first element of the conversion analysis. Specifically, Consolequip argues that because Standard Car initially agreed to transfer possession of the property to Consolequip, then Consolequip could not have "wrongfully and without authorization assumed control, dominion or ownership over the property." Resp. at 2. This argument fails in that the agreement that transferred such possession was terminated in February 2000. It is true that, under the agreements, Consolequip was authorized to retain possession of the property. However, that authorization ceased as soon as the agreements were terminated and Standard Car demanded the return of the property. Consolequip's conversion began on the date Standard Car demanded possession and ended when the property was returned.

Consolequip has also argued that Standard Car's conversion allegation is moot because the drawings and specifications at issue were fully returned to Standard Car on August 4, 2001. This argument, however, is not valid because "[a]n action for conversion will lie even though the defendant has returned the property." Illinois Educ. Ass'n v. Illinois Fed'n of Teachers, 107 Ill.App.3d 686, 689 (Ill. App. Ct. 1982). We are mindful of Consolequip's predicament that the

3

property at issue constituted "1,255 separate documents, made up of 1,808 separate pieces of paper" that had to be "gathered from geographically distant offices." Resp. at 2. However, Standard Car demanded return of the property in February 2000. Only as of August 2001 – some 17 months later – did Consolequip comply with the demand.

## CONCLUSION

We grant Standard Car's motion for partial judgment on the pleadings as to Count IV of its First Amended Complaint. Consolequip is liable for conversion of the now-returned drawings and specifications. Damages, if any, are to be determined at trial.[1] It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 12/26/01

---

[1] We note, however, that in a situation as here where a defendant has already returned converted property, only nominal damages are usually recoverable. I*llinois Educ. Ass'n*, 107 Ill.App.3d at 689.